**UNITED STATES COURT OF INTERNATIONAL TRADE**

MLILYUSA, INC,

*Plaintiff*,

v.

UNITED STATES OF AMERICA;
U.S. CUSTOMS & BORDER PROTECTION;
RODNEY S. SCOTT, IN HIS OFFICIAL CAPACITY AS COMMISSIONER, U.S. CUSTOMS AND BORDER PROTECTION,

*Defendants*.

Court No. 26-03855

**COMPLAINT**

Plaintiff MLILYUSA, Inc., by its undersigned attorneys, alleges the following:

1. Plaintiff is a U.S.-based importers of merchandise subject to the challenged duties discussed below.

2. Beginning in February 2025, through a series of executive orders, President Trump invoked the International Emergency Economic Powers Act ("IEEPA") as authority to impose tariffs ("IEEPA Duties") on goods imported from nearly every foreign country, including countries from which Plaintiff sources imports.

3. Plaintiff is an importer as defined in 19 C.F.R. §101.1 and paid IEEPA Duties on imported goods under the IEEPA Tariff Orders.

4. On February 20, 2026, the U.S. Supreme Court issued a 6-3 majority opinion striking down these tariffs, holding that "IEEPA does not authorize the President to impose

tariffs." *Learning Resources, Inc. v. Trump*, 607 U.S. 229, 255 (2026), *aff'g V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025) (en banc), *aff'g in pertinent part V.O.S. Selections, Inc. v. United States*, 772 F. Supp. 3d 1350 (Ct. Int'l Trade 2025).

5. Consistent with the Supreme Court's decision, Plaintiff now seeks (i) a declaration that the IEEPA Duties are unlawful; (ii) a full refund, with interest as required by law, from Defendants of all IEEPA Duties Plaintiff has already paid to the United States, as well as those they may continue to pay, and (iii) an injunction preventing Defendants from imposing further duties on them under the executive orders challenged in this lawsuit.

## PARTIES

6. Plaintiff MLILYUSA, Inc. is incorporated in Knoxville, Tennessee.

7. Plaintiff imports various goods on which IEEPA Duties were paid.

8. Defendant United States Customs and Border Protection ("CBP") is a component agency of the U.S. Department of Homeland Security headquartered in Washington, D.C. CBP is responsible generally for border security and collecting tariffs, duties, and taxes on goods imported into the United States.

9. Defendant United States received the disputed IEEPA Duties and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i).

10. Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity.

11. Defendants are referred to collectively in this Complaint as the "Defendants".

## JURISDICTION

12. The Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1581(i). *See V.O.S. Selections*, 149 F.4th at 1334; *see also Learning Resources*, 607 U.S. at 240 n.1.

13. The Court has the same powers at law and in equity as a United States District Court. 28 U.S.C. § 1585. In a civil action under 28 U.S.C. § 1581, the Court can enter a money judgment against the United States and can order any other appropriate civil relief, including declaratory judgments, injunctions, orders of remand, and writs of mandamus or prohibition. 28 U.S.C. §§ 2643(a)(1), (c)(1).

14. Plaintiff has standing to sue because they are "adversely affected or aggrieved" by agency action within the meaning of the Administrative Procedure Act. 5 U.S.C. § 702; 28 U.S.C. § 2631(i). IEEPA Duties imposed by Defendants adversely affected and aggrieved Plaintiff because, as importer of record, it was required to pay and did pay these unlawful IEEPA Duties.

15. Declaratory and injunctive relief from this Court would redress those injuries. Plaintiff also faces imminent and irreparable harm due to uncertainty as to whether Defendants will issue refunds of the IEEPA Duties as to liquidated entries.

16. A plaintiff must commence an action under 28 U.S.C. § 1581(i)(1)(B) "within two years after the cause of action first accrues." 28 U.S.C. § 2636(i). On February 1, 2025, President Trump issued the first Executive Orders under IEEPA that resulted in the collection of IEEPA Duties. Subsequently, President Trump issued various Executive Orders establishing new or revised IEEPA Duties. These Executive Orders were published in the Federal Registrar shortly thereafter. The instant action is timely filed within two

years of the date that these Orders were issued and published, and within two years of when Plaintiff first paid IEEPA Duties.

## GENERAL PLEADINGS

### I. IEEPA Tariff Orders.

17. On February 1, 2025, President Trump issued three Executive Orders imposing tariffs on imports from Canada, Mexico, and China.[1] Each Executive Order was premised on IEEPA authorizing the tariffs. Collectively, these IEEPA Duties are referred to in this Complaint as the "Trafficking Tariffs." Pursuant to these orders, CBP assessed additional IEEPA Duties upon Plaintiff's entries.

18. President Trump subsequently modified the Trafficking Tariffs on Chinese-origin merchandise, and changed the scope of goods subject to Trafficking Tariffs on Canadian- and Mexican-origin merchandise.[2]

19. On April 2, 2025, President Trump issued Executive Order 14257, 90 Fed. Reg. 15,041, *Regulating Imports with a Reciprocal Tariff to Rectify Trade Practices that Contribute to Large and Persistent Annual United States Goods Trade Deficits*

---

[1] Exec. Order No. 14194, *Imposing Duties To Address the Situation at Our Southern Border*, 90 Fed. Reg. 9,117 (Feb. 7, 2025); Exec. Order No. 14193, *Imposing Duties To Address the Flow of Illicit Drugs Across Our Northern Border*, 90 Fed. Reg. 9,113 (Feb. 7, 2025); Exec. Order No. 14195, *Imposing Duties To Address the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9,121 (Feb. 7, 2025).

[2] Exec. Order No. 14200, *Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9277 (Feb. 11, 2025); Exec. Order No. 14228, *Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 11,463 (Mar. 7, 2025).

("Reciprocal Tariff Order").[3] The Reciprocal Tariff Order imposed a 10% baseline tariff on nearly all imports in the United Sates, effective April 5, 2025, and then higher "reciprocal" tariffs on 57 countries, effective April 9. These higher country-specific tariffs range from 11% to 50%.

20. President Trump subsequently modified the Reciprocal Tariff Order.[4]

21. In implementing the IEEPA Duties, Defendants directed changes to the Harmonized Tariff Schedule of the United States, requiring that goods subject to the IEEPA Duties be entered under new tariff codes.

22. On April 14, 2025, several companies filed an action in this Court challenging the legality of these tariff orders. *See V.O.S. Selections*, No. 25-cv-00066 (Dkt. 2). The Court held that the orders were unlawful and the Federal Circuit, sitting *en banc*, affirmed.

23. In the months since the *V.O.S. Selections* complaint was filed, President Trump (invoking IEEPA) issued additional executive orders that imposed additional IEEPA Duties and modified other tariff rates as to specific countries. As explained below, IEEPA does not authorize the President to impose tariffs. By this Complaint, Plaintiff challenges the IEEPA Executive Orders (the "IEEPA Tariff Orders") that affect the duty rates on goods imported by Plaintiff and for which Plaintiff paid unlawful IEEPA Duties.

---

[3] Exec. Order No. 14257, *Regulating Imports with a Reciprocal Tariff To Rectify Trade Practices That Contribute to Large and Persistent Annual United States Goods Trade Deficits*, 90 Fed. Reg. 15,041 (Apr. 7, 2025).

[4] Exec. Order No. 14259, *Amendment to Reciprocal Tariffs and Updated Duties As Applied to Low-Value Imports from the People's Republic of China*, 90 Fed. Reg. 15,509 (Apr. 14, 2025); Exec. Order No. 14266, *Modifying Reciprocal Tariff Rates To Reflect Trading-Partner Retaliation and Alignment* (Apr. 9, 2025), 90 Fed. Reg. 15,625 (Apr. 15, 2025).

## II. CBP's Implementation of IEEPA Tariff Orders.

24. CBP is charged with the collection and assessment of duties. 19 U.S.C. §§ 1500 & 1502.

25. When goods enter the United States, CBP collects and assesses applicable tariffs, including the IEEPA Duties, on the imported goods based upon the tariff classification of the goods, and according to the rates established by the HTSUS. 19 U.S.C. §§ 1202, 1500, 1502.

26. Once the final amount of duty is determined by CBP, CBP "liquidates" the import entry and notifies the importer of record as to whether the importer owes more money or is entitled to a refund. 19 U.S.C. § 1500.

27. Once liquidation has occurred, and if the liquidation is protestable, the importer of record has 180 days after liquidation to file a protest contesting the liquidation and certain other CBP decisions encompassed therein. 19 U.S.C. § 1514(a).

28. This Court and the Federal Circuit have cautioned that in certain circumstances an importer may lack the legal right to recover refunds of duties for entries that have liquidated, even where the underlying legality of a tariff is later found to be unlawful. *See In re Section 301 Cases*, 524 F. Supp. 3d at 1365–66 (Ct. Int'l Trade 2021); *Target Corp. v. United States*, 134 F.4th 1307, 1316 (Fed. Cir. 2025).

29. This Court possesses the equitable authority to suspend liquidation. *See, e.g., In re Section 301 Cases*, 524 F. Supp. 3d at 1365–66.

**III. The Supreme Court Held That IEEPA Does Not Authorize Tariffs.**

30. The IEEPA Tariff Orders reference IEEPA, 50 U.S.C. § 1701 *et seq*., the National Emergencies Act, 50 U.S.C. § 1601 *et seq*., Section 604 of the Trade Act of 1974, as amended, 19 U.S.C. § 2483, and 3 U.S.C. § 301 for authority to impose tariffs.

31. None of these statutes authorizes the President to impose tariffs. Of these, Defendants have relied solely on the IEEPA statute to impose and collect the IEEPA Duties.

32. On May 28, 2025, a three-judge panel of this Court granted summary judgment to the plaintiff in *V.O.S. Selections,* holding that IEEPA did not authorize assessment of IEEPA Duties, and otherwise holding that the IEEPA Tariff Orders were unlawful.

33. The Federal Circuit stayed this Court's decision and this Court's injunction and ordered an expedited briefing schedule and hearing.

34. Sitting *en banc*, the Federal Circuit issued its decision on August 29, 2025, affirming this Court's decision that the IEEPA Duties are unlawful. *See V.O.S. Selections*.

35. In a separate lawsuit filed by a different group of importers, the U.S. District Court for the District of Columbia held that IEEPA does not authorize tariffs of any sort. *See Learning Resources.* That decision was appealed to the Court of Appeals for the D.C. Circuit, but before the D.C. Circuit held argument, the United States Supreme Court granted certiorari in both *V.O.S. Selections* and *Learning Resources.*

36. These cases were consolidated, with argument before the Supreme Court on November 5, 2025.

37. On February 20, 2026, the Supreme Court affirmed a decision by the U.S. Court of Appeals for the Fifth Circuit and held that the "IEEPA does not authorize the President to impose tariffs," and therefore the IEEPA Duties imposed under the IEEPA Tariff Orders were unlawful. *Learning Resources*, 607 U.S. at 255.

38. Separately, on March 4, 2026, the Court of International Trade held that "[a]ll importers of record whose entries were subject to IEEPA duties are entitled to the benefit of the *Learning Resources* decision," and ordered CBP to refund IEEPA Duties paid on all liquidated and unliquidated entries. *See* Order at 1, *Atmus Filtration, Inc. v. United States*, No. 1:26-cv-01259 (Ct. Int'l Trade Mar. 4, 2026), Dkt. No. 21; *Euro-Notions Florida, Inc. v. United States*, No 1:25-cv-00595 (Ct. Int'l Trade April 7, 2026), Dkt. No. 12.

**IV. Plaintiff Paid IEEPA Duties.**

39. Plaintiff's imports were subject to IEEPA Duties and entered the United States under new HTSUS codes established to implement the IEEPA Duties.

40. Plaintiff paid IEEPA Duties imposed by the IEEPA Tariff Orders.

41. Plaintiff paid IEEPA Duties on a regular basis.

42. Based on Plaintiff's knowledge and belief, CBP has advised importers that it will not be extending liquidation for entries subject to IEEPA Duties due to pending litigation.

43. Pursuant to *Learning Resources*, Plaintiff is now entitled to fully recover the unlawful IEEPA Duties that it has paid to the United States under the IEEPA Tariff Orders.

## STATEMENT OF CLAIMS

### COUNT I
### THE CHALLENGED TARIFF ORDERS ARE UNLAWFUL UNDER *LEARNING RESOURCES.*

44. Plaintiff incorporates paragraphs 1–43 above by reference.

45. In *Learning Resources*, the Supreme Court considered challenges to the President's authority to impose tariffs under IEEPA.

46. The Supreme Court held that all tariffs imposed under IEEPA are unlawful, specifically deciding "only whether the power to 'regulate . . . importation,' as granted to the President in IEEPA, embraces the power to impose tariffs. It does not." *Learning Resources*, 607 U.S. at 251.

47. CBP affirmed this, stating that "[if] tariffs imposed on plaintiffs during these appeals are ultimately held unlawful, then the government will issue refunds to plaintiffs, including any post-judgment interest that accrues." Gov't. Mot. Stay Pending Appeal at 25, *V.O.S. Selections, Inc. v Trump*, 149 F.4th 1312 (Fed. Cir. 2025) (No. 25-1812).

48. The Challenged Tariff Orders in this Complaint are the same as those struck down in *Learning Resources*.

49. As a result, this Court is bound by the *Learning Resources* decision and should declare the IEEPA Tariff Orders unlawful as to Plaintiff, enjoin Defendants from enforcing them as to Plaintiff, and order refund of all IEEPA Duties collected from Plaintiff, with interest as provided by law.

**COUNT II**
**THE CHALLENGED ORDERS ARE UNCONSTITUTIONAL.**

50. Plaintiff incorporates paragraphs 1–49 above by reference.

51. In the alternative, if the Court were to construe IEEPA as authorizing tariffs, the IEEPA Tariff Orders must nevertheless be held unlawful because such a reading would convert IEEPA into an impermissible delegation of legislative power.

52. The District Court in *Learning Resources* held that interpreting IEEPA to permit the President to impose broad import tariffs would violate Article I, § 1 and § 8 of the U.S. Constitution, which vest in Congress the power to "lay and collect . . . Duties."

53. The court further reasoned that under separation-of-powers principles and binding precedent of the U.S. Supreme Court, Congress cannot delegate its power to the President unless it provides an intelligible principle that directs and meaningfully constrains the President's exercise of that power.

54. Accordingly, even assuming IEEPA could be construed to permit the Tariff Orders, that delegation would lack an intelligible principle and would therefore be unconstitutional. On that basis, the IEEPA Tariff Orders are unlawful.

55. Plaintiff therefore seeks a declaration the IEEPA Tariff Orders are unlawful under the reasoning of *Learning Resources* as to Plaintiff, enjoining Defendants from enforcing them as to Plaintiff, and ordering refunds of all IEEPA Duties collected from Plaintiff, with interest as provided by law.

**COUNT III**
**DECLARATORY RELIEF, 28 U.S.C. § 2201.**

56. Plaintiff incorporates paragraphs 1–55 above by reference.

57. Federal courts have the power "to declare the rights and other legal relations of any interested party seeks such a declaration." 28 U.S.C. § 2201(a).

58. Plaintiff's claims present an actual controversy as to the President's authority under IEEPA, the constitutionality of IEEPA, and the authority of Defendants to implement and collect the resulting tariffs.

59. Plaintiff is the importer of record and have suffered injury by paying IEEPA Duties as a result of the IEEPA Tariff Orders on goods that Plaintiff has imported into the United States.

60. This Court should exercise its equitable power to enter a declaratory judgment that the IEEPA Tariff Orders are unlawful for any or all of the above reasons, and that Defendants lack authority to implement and collect the resulting tariffs, as to Plaintiff.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

1. Declare that the president lacks authority under the IEEPA to set tariffs;

2. Declare that the IEEPA Tariff Orders are *ultra vires* and void *ab initio* with respect to Plaintiff;

3. Declare that, with respect to Plaintiff, Defendants lack authority to implement and collect any tariffs set out in the HTSUS that are based on the IEEPA Tariff Orders;

4. With respect to Plaintiff, enjoin Defendants from imposing and enforcing any tariffs set out in the HTSUS that are based on the IEEPA Tariff Orders;

5. Order CBP to reliquidate any of Plaintiff's liquidated entries for which Plaintiff paid IEEPA duties;

6. Order the United States to refund to Plaintiff the IEEPA Duties collected on those entries, with interested as provided by law; and

7. Award Plaintiff its reasonable costs, including attorneys' fees, incurred in bringing this action;

8. Grant such further relief as this Court deems proper.

Dated: September 3, 2026

DORSEY & WHITNEY LLP

By */s/ David Townsend*
David Townsend
Paula Ortiz Cardona
townsend.dave@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

***Attorney for Plaintiff MLILYUSA, Inc***